# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street, N.W., 7th Floor<br>Washington, D.C. 20005<br><br>   Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF ENERGY<br>2201 C Street NW<br>Washington, DC 20520<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 18-2900<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI") for its complaint against Defendant UNITED STATES DEPARTMENT OF ENERGY ("DOE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under one May 2017 FOIA request, seeking information relating to a limited and expiring tax credit that is the subject of an intense lobbying campaign to remove the provision's volumetric cap, and make it permanent.

2. Specifically, 26 U.S.C. § 45Q offers a tax credit for capturing carbon dioxide ($CO_2$) from power plants and certain other sources. It allows an inflation-adjusted credit worth $20 per ton for $CO_2$ captured for underground storage and $10 per ton for $CO_2$ captured and used for enhanced oil recovery, expiring by statute in whatever year 75 million tons of credits had been used.

3. As the lobbying campaign intensified to expand §45Q into a limitless and permanent source of revenue for certain parties, DOE's posture in responding to this request

1

changed dramatically. After informing CEI months ago that it had broken the responsive records into 8 separate bimonthly rolling productions to commence the week ending February 23, 2018, DoE offered a series of further delays for producing, followed by excuses for not producing. Subsequently, DOE ceased responding at all to plaintiff CEI's numerous inquiries. Its final communication was a promise to get back to CEI, left unsatisfied.

4. DoE therefore has failed to provide plaintiff with the requisite response to this request, as required by FOIA, and as articulated by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013).

## PARTIES

5. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

6. Defendant Department of Energy is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

8. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant DOE is a federal agency.

## FACTUAL BACKGROUND

### Plaintiff's FOIA request for certain Agency records relating to §45Q

9. On May 1, 2017, CEI requested copies of certain described correspondence and attachments in DOE's possession relating to a tax credit that has become the subject of intense business lobbying to expand it from a numerically limited, sunsetting provision to a permanent and unlimited source of economic "rents" for certain parties.

10. Specifically, DOE acknowledged plaintiff's request by regular mail, assigning it tracking number HQ-2017-00990-F, granting CEI's request for fee waiver on the basis of substantial public interest.

11. After inquiries by CEI as to the status of the request at issue in this matter, by telephone discussion and email correspondence with DoE on August 29, 2017, September 8, 2017, and September 30, 2017, CEI narrowed its request and agreed to a prioritization of records by both subject matter and custodian.

12. As part of this narrowing process, at the end of the fiscal year, on September 30, 2017 DoE asked if CEI would agree to a record-keeping maneuver to assist the particular office in presenting better optics for its end-of-year reporting on FOIA requests completed and open. DoE specifically asked if CEI would allow DoE to "close out the HQ-2017-00990-F *number* (the 45Q information) and process the responsive documents under the HQ-2015-01879-F *number* (Social Cost of Carbon)." (emphases added) CEI agreed to assist in this purely accounting move.

13. After this narrowing, CEI also sent DoE email inquiries about the status of this request on November 17, 2017 and December 13, 2017.

14. In response to a CEI reminder and request dated January 5, 2018, on January 12, 2018, DoE wrote in pertinent part, "I wanted to give you the estimated document count for the

     45Q information as we had discussed last week. Just for the responsive emails that contain information about tax policy, taxes, and/or 45Q, we have 64 documents that are approximately 329 pages long." This addressed one subpart of CEI's "45Q" request.

15. On January 16, 2018, CEI responded to DoE in pertinent part, "Regarding the information below, assuming purely for the sake of argument that the agency is starting fresh with this production, those records you describe should be something the Department could get to us by the end of the month. I say that on the basis of regularly receiving agency productions from processing at appx. 3000 pages (sometimes records) records per month when we are forced to go that route [NB: this references litigation]. However, as I understand it these records have been in-processing for some time so this is surely doable. However, again we cannot discern just what you're promising as a production date. Are you promising anything? Please provide us a date. With it having taken us six months of correspondence and calls to obtain to an assertion of the (small) number of records potentially responsive to, so far, one subpart of the request, with no records yet produced, no production dates projected for at minimum initiation of a rolling production, and no estimated dates for anything resembling satisfaction of the request on the horizon, please confirm the Department will process those records you just identified by the end of this month. In the alternative, please persuade us that this course will get us the records faster than if we simply file suit for them. All appearances, from the low number of records requiring review to the above-described process to date and still lack of any commitment to produce anything particular by any particular date, are that this request is uniquely stalled."

16. In response, by a January 18, 2018, email DoE estimated production of this small number of responsive records would occur the third week of February, 2018.

17. Subsequent to this, CEI sent further requests and reminders on March 1, 2018, March 16, 2018, March 26, 2018, March 30, 2018, April 13, 2018, April 20, 2018, April 24, 2018, June 1, 2018, June 6, 2018, June 26, 2018, July 2, 2018, September 20, 2018, October 9, 2018, and November 9, 2018.

18. DoE's sole responses to these requests and reminders were emails asserting, in pertinent part, "The person who needed to review the file is back and reviewing, hopefully as I type. As soon as I know it has moved on to the next stage of review, I will let you know and give you a more accurate estimate of when I'll be able to send you the documents" (March 26, 2018); "We are on track for a June 18th release" (June 8, 2018); and "The one case that is ahead of yours is a schedule that is taking much longer than normal. I'm working with the analyst working that case to see if we can do anything to get it out of our way so I can get you docs" (July 2, 2018).

19. Despite CEI's subsequent overtures, DoE never asserted an intention to demand or need for an *Open America* stay, never produced the required response and never produced records responsive to the request at issue in this matter despite having purportedly processed them many months ago.

20. FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days that the agency intends to comply with the request.  5 U.S.C. § 552(a)(6)(A)(i).  Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal

whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

21. DoE has not satisfied its obligations under FOIA in response to plaintiff's request.

22. Defendant DoE is thereby improperly denying plaintiff access to agency records in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

23. Plaintiff re-alleges paragraphs 1-22 as if fully set out herein.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

25. Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

26. Plaintiff is not required to further pursue administrative remedies.

27. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to their FOIA request described above, and any attachments thereto, but DOE failed to provide them;

    b. Defendant DoE's response to plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy its obligations under FOIA;

    c. DoE must now produce records responsive to plaintiff's request.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

28. Plaintiff re-alleges paragraphs 1-27 as if fully set out herein.

29. Plaintiff is entitled to injunctive relief compelling DOE to produce the responsive records.

30. This Court should enter an injunction ordering DOE to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto.

### THIRD CLAIM FOR RELIEF

### Costs and Fees – Injunctive Relief

31. Plaintiff re-allege paragraphs 1-30 as if fully set out herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States for reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this _11_ day of December, 2018,

_____/s/_____
Devin Watkins
D.C. Bar No. 155179
Devin.Watkins@cei.org
Sam Kazman
D.C. Bar No. 946376
sam.kazman@cei.org
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-1010

8

        Christopher C. Horner
        D.C. Bar No. 440107
        chris@chornerlaw.com
        1489 Kinross Lane
        Keswick, VA 22947
        (202) 262-4458

        ATTORNEYS FOR Plaintiff